IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXELIXIS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BIOCON PHARMA LIMITED, BIOCON LIMITED, and BIOCON PHARMA, INC.,<br><br>Defendants. | ) | C.A. No. 25-452 (RGA) |

**ANSWER TO BIOCON LIMITED, BIOCON PHARMA LIMITED, AND BIOCON PHARMA, INC.'S COUNTERCLAIMS**

Plaintiff Exelixis Inc. ("Exelixis") hereby submits this Answer to the Counterclaims of Defendants and Counterclaim-Plaintiffs Biocon Limited, Biocon Pharma Limited ("BPL"), and Biocon Pharma, Inc. (collectively, "Biocon") (D.I. 15, hereinafter the "Counterclaims").

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Counterclaims. Exelixis denies each and every allegation in the Counterclaims, including without limitation allegations appearing in headings, subheadings, and footnotes, except as expressly admitted herein, and specifically denies that Biocon is entitled to the relief sought in its Prayer for Relief. Exelixis reserves the right to amend and/or supplement this Answer. Exelixis responds to the Counterclaims as follows:

1. Exelixis incorporates by reference the allegations in its Complaint as if fully set forth herein. Paragraph 1 consists of conclusions of law to which no response is required. To the extent a response is required, Exelixis denies the allegations of Paragraph 1.

**PARTIES**

2. Upon information and belief, Exelixis admits the allegations of Paragraph 2.

3. Upon information and belief, Exelixis admits the allegations of Paragraph 3.

4. Upon information and belief, Exelixis admits the allegations of Paragraph 4.

5. Exelixis admits the allegations of Paragraph 5.

6. Exelixis admits the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 consists of conclusions of law to which no response is required. To the extent a response is required, Exelixis admits that it is not challenging jurisdiction for the purposes of this Action.

8. Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is required, Exelixis admits that it is not challenging jurisdiction for the purposes of this Action.

9. Paragraph 9 consists of conclusions of law to which no response is required. To the extent a response is required, Exelixis admits that it is not challenging venue for the purposes of this Action.

## FACTUAL BACKGROUND FOR COUNTERCLAIMS

10. Upon information and belief, Exelixis admits the allegations of Paragraph 10.

11. Exelixis admits the allegations of Paragraph 11.

12. Exelixis admits the allegations of Paragraph 12.

13. Exelixis admits that the ’776, ’439, ’440, ’015, and ’039 patents are listed in the United States Food and Drug Administration’s (“FDA”) publication titled *Approved Drug Products with Therapeutic Equivalence* (the “Orange Book”) in connection with NDA No. 208692.

14. Exelixis admits the allegations of Paragraph 14.

15. Paragraph 15 consists of conclusions of law to which no response is required. To the extent a response is required, Exelixis admits that there is an actual and justiciable controversy

between the parties and that the Court therefore has subject matter jurisdiction over Biocon's Counterclaims for relief. Except as specifically admitted, Exelixis denies the allegations of Paragraph 15.

**FIRST COUNTERCLAIM**

***(Declaratory Judgment of Non-Infringement and/or Invalidity of the '776 patent)***

16. Exelixis incorporates by reference its responses to Paragraphs 1-15 as if fully set forth herein.

17. Exelixis denies any assertion that the claims of the '776 patent are invalid. Exelixis denies any remaining allegations of Paragraph 17.

18. Exelixis denies any assertion that the claims of the '776 patent are invalid. Exelixis denies any remaining allegations of Paragraph 18.

19. Exelixis denies the allegations of Paragraph 19.

20. Exelixis denies the allegations of Paragraph 20.

**SECOND COUNTERCLAIM**

***(Declaratory Judgment of Non-Infringement and/or Invalidity of the '439 Patent)***

21. Exelixis incorporates by reference its responses to Paragraphs 1-20 as if fully set forth herein.

22. Exelixis denies any assertion that the claims of the '439 patent are invalid. Exelixis denies any remaining allegations of Paragraph 22.

23. Exelixis denies any assertion that the claims of the '439 patent are invalid. Exelixis denies any remaining allegations of Paragraph 23.

24. Exelixis denies the allegations of Paragraph 24.

25. Exelixis denies the allegations of Paragraph 25.

**THIRD COUNTERCLAIM**

***(Declaratory Judgment of Non-Infringement and/or Invalidity of the '440 patent)***

26. Exelixis incorporates by reference its responses to Paragraphs 1-25 as if fully set forth herein.

27. Exelixis denies any assertion that the claims of the '440 patent are invalid. Exelixis denies any remaining allegations of Paragraph 27.

28. Exelixis denies any assertion that the claims of the '440 patent are invalid. Exelixis denies any remaining allegations of Paragraph 28.

29. Exelixis denies the allegations of Paragraph 29.

30. Exelixis denies the allegations of Paragraph 30.

**FOURTH COUNTERCLAIM**

***(Declaratory Judgment of Invalidity of the '015 patent)***

31. Exelixis incorporates by reference its responses to Paragraphs 1-30 as if fully set forth herein.

32. Exelixis denies the allegations of Paragraph 32.

33. Exelixis denies the allegations of Paragraph 33.

**FIFTH COUNTERCLAIM**

***(Declaratory Judgment of Invalidity of the '039 patent)***

34. Exelixis incorporates by reference its responses to Paragraphs 1-33 as if fully set forth herein.

35. Exelixis denies the allegations of Paragraph 35.

36. Exelixis denies the allegations of Paragraph 36.

**EXCEPTIONAL CASE**

Exelixis denies that Biocon's Counterclaims state a claim for an exceptional case

and denies that Biocon is entitled to an award of its reasonable attorney fees and costs under 35 U.S.C. § 285.

## AFFIRMATIVE DEFENSES

Exelixis hereby asserts the following affirmative defenses pursuant to Fed. R. Civ. P. 8(c). Exelixis further reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST DEFENSE

***(Failure to State a Claim)***

Biocon's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

***(Attorneys' Fees)***

Biocon's Counterclaims fail to state a claim for an exceptional case under 35 U.S.C. § 285.

## ANSWER TO BIOCON'S PRAYER FOR RELIEF

Exelixis denies that Biocon is entitled to any of the relief sought in its Counterclaims or to any relief whatsoever. WHEREFORE Exelixis respectfully requests that this Court enter judgment in its favor against Biocon and grant the following relief:

A. a judgment that Biocon is not entitled to any relief under the Counterclaims;

B. a declaration that this is an exceptional case and an award to Exelixis of its attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285; and

C. such other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Rodger D. Smith (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Exelixis, Inc.*

OF COUNSEL:
Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jonathan A. Cox
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Amy K. Wigmore
Gerard A. Salvatore
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

Cindy Kan
Anna Mizzi
Alexander P. Gorka
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street, 45th Floor
New York, NY 10007
(212) 230-8800

July 10, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 10, 2025, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire — *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806-4204
*Attorneys for Defendants*

Jeremy J. Edwards — *VIA ELECTRONIC MAIL*
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
1901 L Street NW, Suite 620
Washington, DC 20036
*Attorneys for Defendants*

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)